NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET B.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No. 22-6974 (SDW)<br><br>**OPINION**<br><br><br>November 6, 2023 |

**WIGENTON**, District Judge.

　　Before this Court is Plaintiff Janet B.'s ("Plaintiff")[1] appeal of the final decision of the Commissioner of Social Security ("Commissioner") with respect to Administrative Law Judge Leonard F. Costa's ("ALJ Costa") denial of Plaintiff's claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the Social Security Act (the "Act").  (D.E. 1.)  This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Venue is proper under 42 U.S.C. § 405(g).  This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

---

[1] Plaintiff is identified in this opinion only by her first name and last initial, pursuant to Standing Order 2021-10, issued on October 1, 2021, *available at* https://www.njd.uscourts.gov/sites/njd/ files/SO21-10.pdf.

I.      **PROCEDURAL AND FACTUAL HISTORY**

    A.    **Procedural History**

On August 16, 2020, Plaintiff applied for a period of disability, DIB, and SSI. (D.E. 7 (Administrative Record ("R.")) 58–59.) She first alleged that her disability, due to degenerative disc disease, nerve damage, and chronic back pain, began on June 5, 2015. (R. 90–92, 173.) Plaintiff later amended the alleged disability onset date to August 16, 2019. (R. 40.) The claims were denied initially on April 7, 2021, and upon reconsideration on June 28, 2021. (R. 58–89.) ALJ Costa held an administrative hearing on December 2, 2021, and issued a written decision on February 1, 2022, finding that Plaintiff was not disabled. (R. 12–29, 34–57.) The Appeals Council denied review on September 28, 2022, making the ALJ's decision the Commissioner's final decision. (R. 1–3.) Plaintiff then filed the instant appeal in this Court, and the parties completed briefing. (D.E. 1, 11, 15.)

    B.    **Factual History**[2]

Plaintiff is 61 years old and alleges that she became disabled on August 16, 2019, at 57 years old. (R. 40, 58.) She has a high school education and has previously worked as a machine operator and as a secretary. (R. 197, 212.) She was laid off on September 14, 2014, and by October 1, 2014, her medical conditions became severe enough to prevent her from working again. (R. 196–97.)

<u>Medical Conditions</u>

---

[2] Because the issue on appeal is a legal one for which this Court exercises plenary review, the recitation of the facts herein is limited to those bearing directly on its disposition of this appeal. *See, e.g.*, *Fliegler v. Comm'r of Soc. Sec.*, 117 F. App'x 213, 214 (3d Cir. 2004).

Plaintiff suffers from several medical conditions, including, *inter alia*: abscess of back, obesity, chronic back pain, degenerative disc disease, abdominal pannus, hypertension, microcytic anemia, chronic pain of both shoulders, and sickle cell trait. (R. 565–654.) Although she has sought extensive treatment for those conditions, her motor skills remain limited. (R. 258–658.) It is undisputed that, among other limitations, bilateral calcifications in Plaintiff's shoulders have left her with only limited overhead reach. (R. 62–65.) According to Plaintiff, that restriction renders her unable to perform her past relevant work as a secretary. (*See generally* D.E. 11.) In denying Plaintiff's claim for benefits, however, ALJ Costa found otherwise. (R. 28.)

ALJ Costa's Decision

In reaching his decision, ALJ Costa expressly relied on the testimony of Lynn Paulson, a vocational expert ("VE") who testified at Plaintiff's December 2, 2021 hearing. (R. 28.) Specifically, Paulson stated that a person with Plaintiff's characteristics, medical conditions, and limitations would be capable of performing work as a secretary, as defined by the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations ("SCO"). (R. 28, 53–55.) When ALJ Costa asked Paulson whether her testimony was "consistent with the [DOT]," she responded in the affirmative. (R. 55.) Paulson further noted that the DOT and SCO were silent as to the "plane of reaching," and therefore, "for those elements of [her] testimony, [she] relied on [her] professional experience and training." (*Id.*) Plaintiff's attorney neither identified nor asked about any potential inconsistencies between Paulson's testimony and the DOT. (R. 55–56.) Ultimately, ALJ Costa found that, because Plaintiff was "able to perform her past relevant work as actually and generally performed," she was not disabled under sections 216(i) and 223(d) of the Social Security Act. (R. 28–29.)

ALJ Costa's reliance on Paulson's testimony is the subject of this appeal.

## II. LEGAL STANDARD

### A. Standard of Review

This Court's review of an ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions, 42 U.S.C. § 405(g) ("The findings of the [agency] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019); however, it exercises plenary review of the legal issues decided by the ALJ, *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

### B. The Five-Step Disability Test

To make a disability determination, the ALJ follows a five-step, sequential analysis. 20 C.F.R. § 404.1520(a); *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–03 (3d Cir. 2019). The ALJ determines whether the claimant: first, is currently engaged in substantial gainful activity; second, has a "severe" and "medically determinable" impairment; and third, has an impairment or combination of impairments that is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(i), (ii), (iii). Before reaching the fourth step, the ALJ considers the claimant's residual functional capacity ("RFC"), *i.e.*, the "most [the claimant] can still do despite [his or her] limitations" in terms of meeting the "physical, mental, sensory, and other requirements of work." *Id*. §§ 404.1520(a)(iv), 404.1545(a)(1), (e). Then, at step four, the ALJ ascertains whether the claimant can still do his or her past relevant work, by comparing his or her RFC to the "physical and mental demands" of that work. *Id*. §§ 404.1520(a)(iv), (f); *see id*. § 404.1560(b)(1) (defining past relevant work). Finally, at step five, the ALJ decides whether the claimant "can make an adjustment to other work," considering his or her RFC, age, education, and work experience. *Id*. § 404.1520(a)(4)(v), (g).

4

"The burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner." *Hess*, 931 F.3d at 201.

### III.   DISCUSSION

On appeal, Plaintiff seeks remand of the Commissioner's decision based solely on the ALJ's analysis at step four. (D.E. 11.) Specifically, Plaintiff contests ALJ Costa's failure to identify and resolve an apparent conflict between the VE's testimony—that Plaintiff, without reaching overhead, could perform her past work as a secretary—and the DOT—which indicates that the secretary position requires frequent reaching. (*Id.* at 4, 13–16.) Because this Court finds that ALJ Costa fulfilled his obligations to investigate the apparent conflict, the Commissioner's decision will be affirmed.

As explained, at step four of the five-step disability test, an ALJ must determine whether the claimant can still do his or her past relevant work. 20 C.F.R. *Id.* §§ 404.1520(a)(iv), (f); *see id.* § 404.1560(b)(1). In so doing, the ALJ "rel[ies] primarily on the DOT (including its companion publication, the SCO)." Social Security Ruling ("SSR") 00-4p ("the Ruling"), 2000 WL 1898704, at *2 (Dec. 4, 2000). The ALJ "may also use VEs . . . to resolve complex vocational issues." *Id.* "Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." *Id.* When, however, "there is an apparent unresolved conflict between [VE's] evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the [VE's] evidence to support a determination or decision about whether the claimant is disabled." *Id.* "The Ruling . . . puts the burden on the ALJ to uncover the existence of any conflicts between the [VE's] testimony and the DOT . . . ." *Boone v. Barnhart*, 353 F.3d 203, 208 n.14 (3d Cir. 2003); SSR 00-4p, 2000 WL 1898704, at *1 ("This ruling emphasizes that

5

before relying on [VE] evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts . . . .").

Circuits are split regarding the extent to which an ALJ must identify and investigate apparent conflicts. On the one hand, the Second Circuit maintains that "[t]estimony that a claimant with overhead reaching limitations is capable of performing a job that the [DOT and SCO] describe[] as requiring 'reaching,' . . . creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019). And, according to the Second Circuit, an ALJ cannot "fulfill this obligation through 'catch-all question[s],'" such as by asking the VE "whether th[e] opinion 'was consistent with [the DOT]." *Id.* at 93–94. The Third Circuit, on the other hand, does not require such a searching inquiry. *See Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014). Instead, Third Circuit precedent dictates that, where neither the VE nor the claimant's attorney identifies an inconsistency at the hearing, the ALJ need go no further than the catch-all question: "Is the testimony that you did provide consistent with the information I'd find in the [DOT] and other relevant vocational sources?" *Id.*

Plaintiff urges this Court to follow decisions in accord with the Second Circuit. *Lockwood*, 914 F.3d at 92; *Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015); *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006). Those decisions, well reasoned as they may be, are inapposite; Third Circuit precedent binds this Court. *See Valspar Corp. v. E.I. Du Pont De Nemours & Co.*, 873 F.3d 185, 203 (3d Cir. 2017) (explaining that district courts must follow binding precedent set by the court of appeals for that circuit); *see also In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (Ginsburg, J.), *aff'd sub nom.* by *Chan v. Korean Airlines, Ltd.*, 490 U.S. 122 (1989) ("Binding precedent for all is set only by the Supreme Court, and for

the district courts within a circuit, only by the court of appeals for that circuit."). Accordingly, *Zirnsak v. Colvin* controls.

Applying *Zirnsak*, this Court finds that there was an apparent conflict between the VE's testimony and the DOT; however, the ALJ satisfied his obligation to investigate it. To be sure, the SCO indicates that secretarial work requires "frequent reaching," (D.E. 11 at 19), and "reaching" is plainly defined in both a 1985 Social Security Program Policy Statement and Appendix C to the SCO as "extending the hands and arms *in any direction*." SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985) (emphasis added); Appendix C, SCO*, available on Westlaw* at SCODICOT Appendix C (defining reaching as "[e]xtending hand(s) and arm(s) in any direction"). Given the "expansive meaning" of the word "any," *see, e.g.*, *SAS Inst., Inc. v. Iancu*, 584 U.S. ----, 138 S.Ct. 1348, 1354 (2018), extending one's hands in "any direction" surely includes overhead reaching. Importantly, however, neither the VE nor Plaintiff's attorney identified this apparent conflict at the hearing. (R. 53–56.) So when ALJ Costa asked the VE whether her testimony was "consistent with the [DOT]" and she responded—albeit incorrectly—in the affirmative (R. 55), he satisfied his obligations under SSR 00-4p, *Zirnsak*, 777 F.3d at 617.

Plaintiff presents no other issues in the instant appeal, and therefore, the Commissioner's decision will be affirmed.

### IV.     CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

   /s/ Susan D. Wigenton     <br>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties